UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

VERDELL TERRIA JONES,

    Plaintiff,

v.   Case No. 3:23-cv-897-BJD-MCR

SCOTTY RHODEN, et al.,

    Defendants.
_____

## ORDER OF DISMISSAL WTHOUT PREJUDICE

Plaintiff, a pretrial detainee at the Baker County Jail, initiated this action by filing a civil rights Complaint under 42 U.S.C. § 1983. Doc. 1. Plaintiff also seeks to proceed *in forma pauperis*. Doc. 2. She sues three Defendants – Baker County Sheriff Scotty Rhoden,[1] Assistant United States Attorney Kevin Frein, and Baker County Jail Nurse Mary Holden. Doc. 1 at 2-3.

Although not a picture of clarity, Plaintiff alleges Defendant Holden "[a]ssulted [her], 2 punches to the chest bruised excessive force. Suffered injury to the head, back, shoulder, still not treated. . . ." *Id.* at 4. She also alleges Defendant Frein violated her Eighth Amendment rights when he flew her to

---

[1] Throughout the Complaint, Plaintiff erroneously spells this Defendant's name as "Rhodens."

Texas for "in house treatment" and caused vertigo.[2] *Id.* She claims that once in Texas, a doctor erroneously changed her blood pressure medication; and when she was back at Baker County Jail, she fainted and hit her head. *Id.* 4-5. Plaintiff also claims Defendant Rhoden is responsible for the "negligence" of his employees. *Id.* at 4. As relief, Plaintiff asks to "be released," requests monetary damages, and wishes to "[f]ile charges against [Defendant] Holden." *Id.* at 5.

The Prison Litigation Reform Act requires the Court to dismiss a case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915, 1915A(b)(1). The Court liberally construes the pro se plaintiff's allegations. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011). But the duty of a court to construe pro se pleadings liberally does not require the court to serve as "de facto counsel" for the plaintiff. *Freeman v. Sec'y, Dept. of Corr.*, 679 F. App'x. 982, 982 (11th Cir. 2017) (citing *GJR Inv., Inc. v. Cnty. Of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

---

[2] Plaintiff has a pending federal criminal case and Defendant Kevin Frein is one of the Assistant United States Attorneys prosecuting the case. *See United States v. Jones*, No. 3:17-cr-58-BJD-JBT (M.D. Fla.).

With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). *See also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. *Id.* (quoting *Twombly*, 550 U.S. at 555). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)). In reviewing a complaint, a court must accept the plaintiff's allegations as true, liberally construing those by a plaintiff proceeding pro se, but need not accept as true legal conclusions. *Iqbal*, 556 U.S. at 678.

Plaintiff's Complaint is due to be dismissed under this Court's screening obligation. First, Plaintiff provides no factual detail about the alleged use of excessive force.

> To establish a claim for excessive force in the Fourteenth Amendment context, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015). We look to the following illustrative considerations to determine the reasonableness or unreasonableness of the force used:
>
>> [(1)] the relationship between the need for the use of force and the amount of force used; [(2)] the extent of the plaintiff's injury; [(3)] any effort made by the officer to temper or to limit the amount of force; [(4)] the severity of the security problem at issue; [(5)] the threat reasonably perceived by the officer; and [(6)] whether the plaintiff was actively resisting.
>
> *Id.* at 397. These considerations should be made without regard for the officer's subjective intent or motivation. *Id.* at 396-97. Indeed, "the appropriate standard for a pretrial detainee's excessive force claim is solely an objective one." *Id.* at 397.

*Ireland v. Prummell*, 53 F.4th 1274, 1297 (11th Cir. 2022) (internal citations modified). Plaintiff has presented no facts to suggest that the force used was objectively unreasonable. Her barebones allegations are insufficient to state an excessive force claim against Defendant Holden

Second, insofar as Plaintiff attempts to hold Defendant Rhoden liable for any negligent behavior, the law is well settled that the Constitution is not implicated by the negligent acts of prison officials. *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *see Davidson v. Cannon*, 474 U.S. 344, 348 (1986) ("As

4

we held in *Daniels*, the protections of the Due Process Clause, whether procedural or substantive, are just not triggered by lack of due care by prison officials."). Consequently, any allegedly negligent conduct of which Plaintiff complains does not rise to the level of a federal constitutional violation.

Likewise, to the extent Plaintiff is trying to hold Defendant Rhoden liable based on the theory of *respondeat superior*, supervisory officials cannot be held vicariously liable under § 1983 for the unconstitutional acts of their subordinates. *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003), *abrogated in part on other grounds by Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010). Instead, a supervisor can be liable only when that supervisor "personally participates in the alleged unconstitutional conduct or when there is a causal connection" between the supervisor's actions and the constitutional deprivation. *Id.* Because Plaintiff does not allege that Rhoden personally participated in any unconstitutional conduct, the viability of her supervisory claim depends on whether she plausibly alleges a causal connection between Rhoden's actions and the alleged constitutional deprivation. Here, however, Plaintiff does not allege facts establishing a causal connection.

Finally, insofar as Plaintiff seeks money damages against Defendant Frein for his actions in prosecuting Plaintiff's case, those claims are also due to be dismissed. Prosecutors are "entitled to absolute immunity from damages for acts or omissions associated with the judicial process, in particular, those

5

taken in initiating a prosecution and in presenting the government's case." *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999); *Fullman v. Graddick*, 739 F.2d 553, 558-59 (11th Cir. 1984)). Thus, Plaintiff's request for monetary damages against Defendant Frein is due to be dismissed. Also, as a private citizen, Plaintiff does not have "a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Thus, the relief Plaintiff seeks against Defendant Holden is unavailable in a § 1983 civil rights action.

Accordingly, it is

**ORDERED AND ADJUDGED**:

1. This case is **DISMISSED without prejudice**.

2. Plaintiff's Motion (Doc. 7) is **DENIED**. Plaintiff is advised that all requests for relief, including injunctive relief, must be in the form of a pleading or a motion and must comply with the Federal Rules of Civil Procedure and the Local Rules of this Court. *See, e.g.*, Fed. R. Civ. P. 65; M.D. Fla. R. 6.01, 6.02 (detailing the requirements for a motion seeking a temporary restraining order or preliminary injunction).

3. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 22nd day of September, 2023.

_____
BRIAN J. DAVIS
United States District Judge

Jax-7

Verdell Terria Jones, #23001850